**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael WILSON, Defendant–Appellant.**

**No. 03–10108.**

**D.C. No. CR–02–00387–LRH.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 19, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

Appellant Michael Wilson appeals the 94–month sentence imposed by the district court following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm.

Wilson contends that the district court erred by applying: (1) a 2–level increase in his base offense level for possession of 3–7 firearms, pursuant to U.S.S.G. § 2K2.1(b)(1)(A); (2) a second 2–level increase because one of the firearms was stolen, pursuant to U.S.S.G. § 2K2.1(b)(4), and; (3) and a further 4–level increase for possession of a firearm in connection with another felony, pursuant to U.S.S.G. § 2K2.1(b)(5). Wilson does not dispute that the firearm in question was stolen, but asserts that he did not possess it. We disagree.

▪ Wilson was apprehended asleep in the master bedroom of his mobile home

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

with three firearms-one of which was stolen-within arms' reach, and a fourth in the bedroom closet. A bedside-table drawer contained 12 grams of methamphetamine, assorted drug-dealing paraphernalia and a handgun. Finally, a house guest attested that he had seen Wilson selling and using drugs, and Wilson's mobile home was protected by three surveillance cameras.

 Accordingly, we cannot say that the district court clearly erred in finding by a preponderance of the evidence[1] that Wilson possessed 3–7 handguns,[2] *see United States v. Terry,* 911 F.2d 272, 278 (9th Cir.1990) (stating that defendant has constructive possession of a firearm where he has knowledge of its presence and "both the power and the intention to exercise dominion and control over it"), and that Wilson possessed a firearm in connection with his felonious drug activity, *see United States v. Polanco,* 93 F.3d 555, 566–67 (9th Cir.1996) (affirming application of a 4–level enhancement under § 2K2.1(b)(5) where the firearm had a "potentially emboldening role" in defendant's drug activity by "afford[ing] him a ready means of compelling payment or of defending the cash and drugs stored in the car").

**AFFIRMED.**

---

1. The 4–level increase in offense level under § 2K2.1(b)(5) did not have a grossly disproportionate effect on Wilson's sentence because it did not double his sentence or push his sentence beyond the statutory maximum. Accordingly, we reject his contention that a "clear and convincing" standard of proof should apply to this enhancement. *See United States v. Johansson,* 249 F.3d 848, 856–57 (9th Cir.2001) (applying a preponderance standard for a 4–level enhancement because the increase was less than 5 levels and did not double the guideline sentencing range).

2. We also find that the district court resolved all factual disputes necessary to its sentencing determinations.

